UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-CR-10229-RWZ

UNITED STATES

v.

TUAN DINH NGUYEN

<u>MEMORANDUM OF DECISION</u>

January 13, 2020

ZOBEL, D.J.

    Pursuant to a plea agreement, petitioner, Tuan Dinh Nguyen (hereafter "petitioner," or "defendant"), pled guilty to an indictment that charged him with one count of each, wire fraud conspiracy, 18 U.S.C. § 1349, and money laundering conspiracy, 18 U.S.C. § 1956(h), 13 counts of money laundering, 18 U.S.C. § 1956(a), and one count of aggravated identity theft, 18 U.S.C. § 1028(A)(a)(1). He was sentenced to a total period of imprisonment of 42 months with credit for time in detention in Australia before his extradition to this country.[1] He now seeks relief pursuant to 28 U.S.C. § 2255 claiming that his counsel was ineffective in two respects. First, she failed to inform the court that the defendant, as a removable alien, would not be eligible for certain programs offered by the Bureau of Prisons to other inmates and, second, she failed to

---

[1] The sentence of imprisonment included a mandatory segment of 24 months on Count 17 to be served after completion of a sentence of 18 months on counts 1 through 16 to be served concurrently.

1

tell him that he would be removed to Vietnam after completing his sentence. The government has moved to dismiss the motion.

Neither of defendant's assertions is supported by the record, which includes the plea agreement, counsel's sentencing memorandum, and the transcript of the sentencing hearing. In both, her sentencing memorandum (Docket No. 46) and her oral statement at the disposition hearing (Docket No. 55), counsel pointed out that the defendant, who is neither an immigrant to the United States nor a lawful resident here, could not, for that reason, participate in many program opportunities available to other inmates nor could he have his sentence effectively reduced by an early release to a halfway house. The sentence imposed was substantially lower than that dictated by the Guidelines and recommended by the Government and my explanation specifically referred to counsel's argument in reaching a lesser sentence of imprisonment.

Similarly, counsel pointed out in her sentencing memorandum that defendant "will likely be returned to Vietnam..." Def.'s Sentencing Mem, 6. In the plea agreement which defendant signed, he acknowledged that "pleading guilty may have consequences with respect to [his] immigration status if [he] is not a citizen of the United States." It further states explicitly that, given the specific crimes to which he was pleading, "removal is presumptively mandatory." (Docket No. 42, Paragraph 2.)

The defendant's assertion that the government cannot deport him to Vietnam because it is, for him, a very dangerous place is a matter outside the limited authority granted by the habeas statute and is properly addressed to the immigration authorities at the appropriate time.

Because defendant has not shown that his counsel failed him with regard to any of the issues raised, the motion under 28 U.S.C. § 2255 (Docket No. 53) is DENIED.[2]

Because there is no basis, factual or legal, for any of the underlying assertions, I decline to issue a certificate of appealability.

|  |  |
|---|---|
| __January 13, 2020__ | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[2] Although the government moved to dismiss the petition, the ruling is based on petitioner's failure to show any violation of his constitutional rights and, therefore, results more appropriately in a denial of the petition.